IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EVERGREEN SOUTH, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:24-cv-564-CWB |
| TRAVELERS INDEMNITY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION & ORDER**

**I.      Procedural History**

Evergreen South, LLC filed this action in the Circuit Court of Houston County, Alabama to assert claims for benefits allegedly due under a policy of insurance. (*See* Doc. 1-1 at p. 3). The sole named defendant was Travelers Indemnity Company. (*See id*. at p. 1). Proceedings thereafter were removed to federal court on grounds of diversity jurisdiction. (*See* Doc. 1 at p. 2, ¶ 5). According to the Notice of Removal, "complete diversity of citizenship exists between [Evergreen] and Travelers and the amount in controversy exceeds $75,000." (*Id*.).

Shortly after removal, however, Evergreen and Travelers filed a Joint Motion to Remand. (Doc. 9). The remand request was accompanied by an affidavit expressly limiting the potential recovery to $50,000.00. (*Id*. at p. 2, ¶ 3; *see also* Doc. 9-1).

**II.     Legal Standard**

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) ("[L]ower federal courts are empowered to hear only cases for which there has been a

congressional grant of jurisdiction … ."). With specific respect to actions filed initially in state court, removal to federal court is authorized only in circumstances where a district court would have had "original jurisdiction." *See* 28 U.S.C. § 1441 ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Because removal infringes upon state sovereignty and implicates central concepts of federalism, any doubts over jurisdiction should be resolved in favor of remanding to state court. *See Burns v. Windsor Ins. C*o., 31 F.3d 1092, 1095 (11th Cir. 1994).

### III. Discussion

#### A. Federal Question Jurisdiction

The Notice of Removal (Doc. 1) contains no assertion that removal was predicated upon federal question jurisdiction. Nor has the court's independent review of the record uncovered any issue that reasonably could be construed as "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. It thus is clear that jurisdiction rises or falls on application of 28 U.S.C. § 1332(a).

#### B. Diversity Jurisdiction

It appears from the Notice of Removal that there is a complete diversity of citizenship among the parties. (*See* Doc. 1 at p. 3, ¶¶ 6-7). However, the face of the Complaint purports to "limit[] the recovery of any damages claimed to an aggregate of $50,000, inclusive of interest, costs, and attorney fees." (Doc. 1-1 at p. 1, ¶ 1). In a post-removal affidavit, it was confirmed that

Evergreen "intended to limit the total claim for damages to be not more than $50,000.00," "do[es] not intend to claim any more in total damages than $50,000.00," and "will not accept damages in excess of $50,000.00."  (Doc. 9-1 at p. 1, ¶¶ 3-5).  Such averments are precisely the type of stipulations that consistently have been recognized as warranting remand.  *See, e.g,, Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1301-03 (M.D. Ala. 1999); *Brooks v. Pre-Paid Legal Servs., Inc.*, 153 F. Supp. 2d 1299, 1302 (M.D. Ala. 2001); *Stokes v. Homes*, No. 2:08-cv-806, 2009 WL 413755, *2 (M.D. Ala. Feb. 18, 2009); *Thornton v. Waffle House, Inc.*, No. 2:06-cv-446, 2006 WL 2631350, *2 (M.D. Ala. Sept. 13, 2006); and *Lacey v. Dollar General Corp.*, No. 2:05-cv-1041, 2005 WL 3240708, *2 (M.D. Ala. Nov. 30, 2005); *see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808-09 (11th Cir. 2003)  ("[W]e give great deference to such representations and presume them to be true.").  The court thus finds that the amount in controversy at all times has fallen short of the jurisdictional minimum and that subject matter jurisdiction is lacking.  *See* 28 U.S.C. § 1332(a) (constraining diversity jurisdiction to cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"); *see also Parker v. Williams Plant Servs., LLC*, No. 1:16-cv-239, 2016 WL 3892454, *3 (M.D. Ala. June 29, 2016) ("Removal jurisdiction requires both complete diversity and satisfaction of the requisite amount in controversy.  A case does not become removable until both conditions are present.").

**IV.**     **Conclusion**

Accordingly, it is hereby **ORDERED** that the Joint Motion to Remand (Doc. 9) is **GRANTED** such that this action is remanded to the Circuit Court of Houston County, Alabama.  The clerk of court is **DIRECTED** to take all necessary steps to effectuate the remand.

**DONE** this the 4th day of October 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**